MARY PETTIGREW and others, Appellants, *v.* JANE FOSHAY, otherwise called JANE PETTIGREW, Respondent.

*Estoppel — power of court of equity to restrain proceedings in other courts.*

The defendant, Jane Foshay, commenced an action against the administrators of J. W. Pettigrew, deceased, to recover for services as nurse and housekeeper, which was settled by payment to her of $17,000, upon her solemn asseveration in writing that she was not the lawful wife of the deceased in his lifetime. Subsequently she applied to the surrogate to have the letters of administration issued upon his estate set aside and new letters issued to her on the ground that she was his widow.

This action was commenced to restrain the further prosecution of the proceedings before the surrogate on the ground, among others, that she was estopped from so doing by her written statement. *Held,* that the action could be maintained.

Appeal from an order made at Special Term, refusing an injunction to stay proceedings recently instituted by defendant before the surrogate of New York, whereby she seeks to revoke the letters of administration upon the estate of John W. Pettigrew, deceased, which were granted by said surrogate to Robert Pettigrew and Richard C. Downing on the 19th of March, 1875.

The action is brought by the heirs at law and next of kin of the deceased against the defendant, who claims to be the widow of the deceased.

John W. Pettigrew died intestate in the city of New York, in

the year 1875, leaving him surviving the plaintiffs, his mother and brothers and sisters, his heirs at law and next of kin. Letters of administration were procured to be issued upon the consent of the heirs at law and next of kin, and without notice to the defendant. In the month of November, 1875, the defendant, in her name of Jane Foshay, gave notice in writing to the administrators of deceased that she claimed the sum of $40,000 for services as house-keeper and nurse of the intestate from the 1st day of May, 1866, to the time of his death, which the administrators refused to pay. In March, 1876, the defendant, in her name of Jane Foshay, commenced an action against the administrators in this court to recover said sum of $40,000, which she claimed to be due her as the nurse and housekeeper of the deceased. After the service of the complaint in that action, specifying the particulars of defendant's said claim, negotiations were entered upon by said defendant, under advice of her counsel, and the plaintiffs, with a view to a compromise and settlement of such claim. As an inducement to settle said claim, said defendant then and there represented in writing that she "was not the lawful wife of said John W. Pettigrew, deceased, in his lifetime, and that she made no claim, and never made any claim against his estate as his widow." Relying upon this statement and believing it to be true, the heirs at law and next of kin of deceased consented that the administrators of his estate should pay, and said administrators agreed to pay to said defendant in satisfaction of all the claims upon his estate, both real and personal, which the defendant might have in any capacity, the sum of $17,000. Thereupon, about the 27th day of June, 1876, said defendant executed and delivered to said plaintiffs, severally as heirs at law, next of kin, and administrators of the estate of said deceased, several full releases in writing of all her claims of every nature against them or the estate of said deceased, and a discontinuance of said action, and received from them in consideration therefor the sum of $17,000. About the month of April, 1877, the defendant filed her petition in the New York Surrogate's Court, stating that she was the widow of the deceased, and that letters of administration had been issued without notice to her, and praying that they might be revoked; and letters of administration upon the estate of deceased issued to her as his widow, by law entitled thereto.

*Albert Matthews*, for the appellants. Where *full* relief may not be had, as respects *all* the real parties in interest who are to be affected by a proceeding pending in another court of limited jurisdiction, it is within the power of this court, and it is the *right* of the parties in interest to invoke the mandatory powers of this court to enjoin such proceedings. (*Sampson* v. *Wood*, 10 Abb. P. R. [N. S.], note, 223; *Erie R. W. Co.* v. *Ramsay*, 45 N. Y., 647; *Harlem R. R. Co.* v. *Hawes*, 56 id., 175; *Brevoort* v. *McJimsey*, 1 Edw. V. C. R., 551; *Siemon* v. *Schurck*, 29 N. Y., 613.) This proceeding before the surrogate embarrasses and delays the administration of the estate by keeping the authority of the administrators under a cloud, and prevents a distribution of the assets among the next of kin of deceased, who are the plaintiffs in this action. (*Siemon* v. *Austin*, 33 Barb., 9; *Siemon* v. *Schurck*, 29 N. Y., 613.) This action is also maintainable in this court, upon the theory of a bill for specific performance of the releases given to the next of kin and administrators. (*Phillips* v. *Berger*, 2 Barb., 608; same case on appeal, 8 id., 527.) The defendant is estopped (in this court), as against the heirs at law and next of kin of the deceased, from setting up any claim to administration upon the estate of deceased as his widow, and attempting to enforce such claim by proceeding before the surrogate. (*Wood* v. *Seely*, 32 N. Y., 116; *Dougrey* v. *Topping*, 4 Paige, 97; *Marcellus* v. *Countreyman*, 65 Barb., 204.) The defendant cannot complain that she is deprived by the process of this court of any statutory rights; as in this court of equity she may be deemed to have waived any private personal right to administration she may have possessed, and to have made her election. (*Phyfe* v. *Eimer*, 45 N. Y., 104; *Rodemund* v. *Clark*, 46 id., 357.) The defendant's claim (as employe of deceased for services rendered), which she made by her suit against the estate, is wholly inconsistent with the claim she now makes (as widow) to administration. (*Cropsey* v. *Sweeney*, 27 Barb., 310; *Cropsey* v. *Ogden*, 1 Kern., 228.)

*H. L. Clinton*, for the respondent. The Surrogate's Court is the proper tribunal to try and determine the questions raised by the petition of the defendant. (2 Edm. Rev. Stat., 75, § 23; *Sipperly* v. *Baucus*, 24 N. Y., 46; *Brick's Estate*, 15 Abb. Pr., 12; Sess. Laws

of 1867, chap. 782, page 1927 ; 7 Edm. Stat., 168, § 27.) . If letters have been issued by the surrogate of New York to the plaintiffs, Downing and Pettigrew, by a fraud in the wrongful concealment of the claim of the petitioner, and without notice to her, the surrogate has the right to hear and inquire as to her claim now. (*Brick's Estate*, 15 Abb. Pr., 12 ; *Patullo's Estate*, 1 Tucker's Rep., 99 ; *Kerr* v. *Kerr*, 41 N. Y., 272 ; 4 Edm. Stat., 493, § 34.) The questions then arising upon the petition are to be determined in the Surrogate's Court. (*Kerr* v. *Kerr*, 41 N. Y., 272 ; *Devin* v. *Patchin*, 26 id., 441 ; *Matter of Angevine*, 1 Tucker's Rep., 178.) If the decision of the surrogate is erroneous, an appeal lies therefrom to the Supreme Court, as succeeding the chancellor. (2 Edm. Stat., 632, § 104 ; *Mount* v. *Mitchell*, 31 N. Y., 356.)

BRADY, J.:

It appears in this case that the defendant Jane Foshay commenced an action against the administrators of John W. Pettigrew, deceased, to recover for services rendered as nurse and housekeeper of the deceased. The action thus commenced was compromised by the payment of $17,000, and upon her solemn asseveration in writing that she was not the lawful wife of the deceased in his lifetime. Subsequently, she filed her petition in the Surrogate's Court of this county, stating that she was the widow of the deceased, and that letters of administration were issued without notice to her, and praying that they might be revoked and letters of administration upon the estate of the deceased issued to her as his widow by law entitled thereto. This action was commenced to prevent the litigation of that question before the surrogate, and on the proposition, among others, that she was estopped by her solemn act aforesaid from presenting the claim, interposed by her petition, to the surrogate. The plaintiffs, as heirs at law and next of kin, and having an interest in the subject, asked for an injunction restraining her from proceeding before the surrogate as contemplated by her, alleging, among other facts, that she was irresponsible, except so far as the balance of the $17,000 paid to her might remain unexpended. The motion for the injunction was denied, and hence this appeal. The relief sought by it seems to have been denied, upon the ground that the surrogate has ample power to determine who is entitled to

letters, and to vacate them if improperly issued. This action, however, has a much wider sweep. It presents the question whether the defendant can be permitted, under the circumstances, to urge her claim at all, and the plaintiffs have a right to test that question in this action. The surrogate might decide on the facts that the defendant was not entitled to letters, but the decision would rest upon the evidence relative to the fact of the marriage. The surrogate does not possess the equitable jurisdiction which enables him to employ the strong arm of equity to prevent abuses in the administration of justice — to prevent, in other words, the legal machinery of his court from being put in motion, which is the object of this action. If the only question herein presented was the marriage, there might be great force in the proposition that the surrogate must be permitted to investigate that subject, with reference to the issuing of letters of administration. Such is not the fact, however, and, as suggested, the sphere of this action is much broader, striking at the right of the defendant to begin or continue such proceedings after her declaration which, if true, shows conclusively that she ought not to be allowed to appear as a litigant.

For these reasons, the order appealed from must be reversed and the cause remitted to the Special Term, as the defendant does not appear to have been heard there.

The costs of this appeal to the plaintiff must abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, cause remitted to the Special Term ; costs of this appeal to the plaintiff must abide the event.